SARAH J. GOLDTHORP, *et al.*, v. ED. GOLDTHORP, Appellant.

**Wills:** CONTEST: *Competency of opinion evidence.* Where on the issue of the mental condition of the testatrix, after such preliminary questions were asked of a witness as to show his acquaintance with and knowledge of the testatrix, justifying an opinion as to her mental condition. a question which, for aught that appears, called for an independent statement of fact not based on the preliminary testimony, was properly excluded.

MISCONDUCT OF COUNSEL. On the trial before a jury on an issue as to the mental condition of testatrix, a witness having stated that she had a remarkable mind, counsel for proponent said, "I agree with you; I have known her most of her life." *Held*, to be improper and something which might be prejudicial.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

FRIDAY, DECEMBER 16, 1898.

THE issues in this case arise by objections to the probate of the will of Alice Goldthorp, deceased, on the application of proponents. · The grounds of objection are: First, unsoundness of mind of the testatrix; and, second, undue influence. At the conclusion of the evidence the court, on motion of proponents, directed a verdict in their favor, and the contestant appealed.—*Reversed.*

*R. W. Stewart* for contestant.

*D. E. Lyon* and *Henderson, Hurd, Lenehan & Keisel* for proponents.

GRANGER, J.—I.   This cause was before in this court, and is reported in 94 Iowa, at page 336.   The questions settled on that appeal were as to the admission and exclusion of evidence.   Questions of the same character and presented on this appeal, and also the right of the court to take the case from the jury by directing a verdict for proponents.   A reference to the case, as before reported, will give a better insight into · the contentions presented at this time.

II.   As the case must go back for another trial, it would be unwise, nor would it be desired, that we should comment on the force or effects of parts of the evidence to show the reason for our conclusion.   If only the question of unsoundness of mind, or mental incapacity, was involved, we should not disturb the ruling of the court, for we think, as the case is presented by the record, a finding of a want of testamentary capacity could not be sustained.   But on the question of undue influence we are agreed that the case presents a question of fact for the jury on the testimony as admitted on the trial.   It should not be understood, from what we have said, that on a retrial the inquiry will be limited to the single question of

undue influence, for it is a law case, and our holding is only that the court erred in sustaining the motion to direct a verdict. In view of a new trial, it may be well for us to notice briefly some points in dispute as to the admission of evidence. Mrs. Butler, a granddaughter of decedent, was a witness for contestant, and, after showing an acquaintance and knowledge of her that would justify an opinion as to her mental condition at that time, under our holding on the former appeal, she was asked on her direct examination this question: "You may now state whether or not Mrs. Goldthorp during that summer, and especially in August, 1883, was of strong or weak mind." The question was excluded, we assume, as incompetent. George W. Cocker was a witness for the proponent, and, after such preliminaries as to show him competent to speak of her mental condition, he was asked how she appeared as to being a woman of strong or weak mind. This question was admitted against an objection that it was incompetent. One Morgan was also a witness for proponent, and the following appears in the record: "Q. Well, what I want to ask you is, look at Mrs. Goldthorp just as you would used to see her, and talk to her, and taking her manner and appearance and style of conversation, what do you say as to whether she was of a strong or a weak mind? (Objected to as incompetent; no foundation laid for testimony. Overruled. Contestant excepts.) A. I should say she was a remarkable woman. Q. In what way? A. Vigorous. Q. What do you say about her mind? A. I should think she had a most remarkable mind for a woman of her age; the most remarkable mind for a woman of her age that I ever saw." As we understand contestant, he does not claim that the questions to Cocker and Morgan were not proper, but he does claim that the rulings are inconsistent, the court excluding his questions, and permitting like questions by the proponent. There is this difference: The question by proponent clearly makes the opinion asked for depend on the facts shown as a basis for the question, while that of contestant is not clearly so, if, indeed, it may not be

said to call for an independent answer as to the fact inquired about. The question itself makes no reference to what the witness had testified to, and, while the purpose of the question might have been to have it answered as if the reference had been made, the uncertainty should operate against the questioner rather than the other party. The question was clearly incompetent, unless based on the facts necessary to be shown to make it competent. Such is the rule as to non-expert evidence of such character. · See opinion on former appeal. There does not appear to be error in these rulings. These views dispose of numerous other similar complaints.

III. There is a complaint that the court to an unwarranted extent suggested and aided proponent in the examination of witnesses, and in a way to prejudice contestant, and the complaint has quite a strong support in the record. It also appears in the case of the examination of a witness for proponent that he said of Mrs. Goldthorp: "I should think she had a most remarkable mind for a woman of her age; the most remarkable mind for a woman of her age that I ever saw." One of the counsel for proponent said, "I agree with you," and added, "I have known her most of her life." The case was taken from the jury, and, likely, no prejudice resulted because of the interference by the court, or the remarks of counsel, and we notice them to avoid a recurrence on another trial. The prejudice to result from such a remark by an attorney in a case, who is respected by the jurors, is very manifest. What we say as to the interference by the court should not be misapprehended. We do not discourage timely suggestions and aids by the court in the conduct of a trial, and we well understand the emergencies that call for interference in many trials, and this case is one by no means free from them. The ground of complaint is in the manner the right was exercised, so that the character of the questions asked by the court, and the remarks in connection therewith, would likely be misunderstood by the jury to the prejudice of a party. The record abounds with complaints, most of which are without merit.

We think of no others that need be noticed in view of a new trial. The judgment is REVERSED.