OTTO H. BOECK, ERIC BOECK, HEDWIG FRUDDEN, EMMA FREI-
BERG, Plaintiffs and Appellees, v. MODERN WOODMEN OF
AMERICA, Defendant and Appellant.

**Appeal:** ASSIGNMENT OF ERROR.    Assignments of error so general
1   in terms that the appellate court cannot discern the particular
errors relied upon will not be considered.

**Mutual insurance:** CONTRACT: BY-LAWS.    By applying for and
2   accepting a certificate of insurance in a mutual benefit association
the member becomes bound by its provisions and the by-laws which
are made a part of the contract; and this will include a by-law
providing that the certificate shall be void in case the member
becomes intemperate in the use of liquor, drugs or narcotics, or if
death result directly or indirectly from such use.

**Same:** ACTION UPON CERTIFICATE: INTOXICATION AS A DEFENSE: EVI-
3   DENCE.    The evidence in the instant case is reviewed and held to
show that insured came to his death from the intemperate use of
intoxicating liquor, within the meaning of a by-law rendering
the certificate void for intoxication; and the court should have
so found as a matter of law and directed a verdict for defendant.

**Same:** EVIDENCE: CAUSE OF DEATH: CORONER'S VERDICT.    A coroner's
4   verdict is admissible in an action upon a certificate of insurance,
as *prima facie* evidence that death resulted from the cause found
by the coroner's jury.

*Appeal from Floyd District Court.*—HON. C. H. KELLEY,
Judge.

MONDAY, NOVEMBER 17, 1913.

ACTION at law on an insurance benefit certificate. From
a verdict and judgment for plaintiffs, this appeal is taken.—
*Reversed.*

*Truman Plantz, Geo. G. Perrin* and *J. C. Campbell,* for appellant.

*Ellis & Ellis,* for appellees.

WITHROW, J.—This action was brought at law to recover from the defendant upon a beneficiary certificate issued to Paul E. Boeck in December, 1898. Boeck died November 28, 1909. The defenses to the action were that, in his application for membership, Boeck, in anwser to certain interrogatories, stated that he had never been intoxicated, and also that he only drank one glass of beer a week, whereas said Boeck had been intoxicated prior to making said application, and that he then consumed a greater quantity of liquor than a glass of beer per week, and that the statements made by him were warranties which were untrue.

Defendant further pleaded that the contract of insurance provided that it should be void if the death of said Paul E. Boeck resulted indirectly from his use of intoxicating liquor, and it is alleged that his death resulted indirectly from such cause. In reply, the plaintiff pleaded a waiver of the provision of the contract, the application, and the by-laws, for the reason that the defendant well knew the habits and condition of Boeck, and his use of intoxicating liquor, and with such knowledge received and accepted assessments.

Upon the trial, at the conclusion of the evidence, the defendant moved for a directed verdict in its favor, based upon the ground that there was no evidence introduced which showed any other cause of death than that resulting indirectly from the use of intoxicating liquors, and that a verdict for plaintiff would be without support. The motion was overruled, the cause was submitted, and a verdict was returned in favor of the plaintiff. Motion for new trial having been overruled, judgment was entered on the verdict, and the defendant appeals.

I. Appellant makes assignment of errors covering four-

teen different points, all of which, excepting the first, second, third and fourteenth, are so general in terms that we are not directed to the particular errors upon which appellant relies. Our consideration of the appeal will be limited to the assignments which are definite enough to advise us of the appellant's claim; and these relate to the question of the sufficiency of the evidence to warrant the verdict.

1. APPEAL: assignment of error.

II.   The evidence showed that Boeck was found dead in his room at a boarding house at Independence under circumstances which will appear in the further discussion of one branch of the case.  A coroner's jury was impaneled to inquire into the cause of death, and a verdict or finding was returned that death resulted "from heart failure, contributory excessive indulgence in liquor."  Proofs of loss were duly made; that by Dr. McGrady stating that in his judgment the probable cause of death was heart disease, induced by excessive use of alcohol.  There was testimony tending to show that at times prior to making the application for membership Boeck had been intoxicated, and also that he was given to drink more frequently and in larger quantities than stated in his application.  As to this question there was dispute in the evidence, and the whole record was such as to require it to be submitted to the jury, unless for other reasons the appellant was on his motion entitled to a directed verdict.  In such motion the appellant relied alone upon the alleged fact that death resulted indirectly from the use of intoxicating liquors, and we direct our inquiry to that single question.

III.   The appellant is a fraternal benefit society, and as such makes provision for the payment to its members under certain conditions.  By his application, and its acceptance, Boeck became a member of the society, and by such, and the certificate, he became bound by the provisions of its by-laws.  *Norton v. Order of Foresters* (Catholic), 138 Iowa, 464.

2. MUTUAL INSURANCE: contract; by-laws.

The section of the by-laws relied upon by the appellant

is as follows: "Prohibition against Intemperance.—If any member of this society, heretofore or hereafter adopted, shall become intemperate in the use of intoxicating liquors, or in the use of drugs or narcotics, or if his death shall result directly or indirectly from his use of intoxicating liquors, drugs, or narcotics, then the certificate held by said member shall by such acts become and be absolutely null and void, and all payments made thereon shall be thereby forfeited."

By that provision Boeck and his legal representatives were and are bound. We therefore go to the evidence upon the question raised by this plea of the appellant to determine whether it was of such strength as to make it the duty of the trial court to hold that, as a matter of law, such defense had been established. As bearing upon this it is not necessary that inquiry be limited to the immediate time of death, when death is charged to have resulted indirectly from the excessive use of intoxicating liquors, as previous habits and tendencies may and often do throw light upon and give meaning to situations and conditions which without them might be in doubt.

3. SAME: action upon certificate: intoxication as a defense: evidence.

While, as we have stated above, there was evidence tending to show that the deceased had been intoxicated at different times before making application for membership, this was in dispute, and we direct our attention to the period after he became a member and up to the time of his death. The testimony introduced on the part of the appellee, while directed in the main to proof that Boeck was not in the habit of becoming intoxicated prior to December, 1908, strongly shows that after such time he was occasionally, if not frequently, seen in an intoxicated condition. One witness, who testified as to his freedom from the habit prior to December, 1898, said that after the death of Boeck's mother, in 1900, 1901, or 1902, he observed that Boeck was using intoxicating liquors. Indeed, the record shows little, if any, contention on the part of appellee that such was the fact, and this appears from the

testimony of many witnesses.  On January 24, 1907, informa-
tion charging that Boeck was an inebriate was filed in the office
of the clerk of the district court of Floyd county, and prayer
was made that he be committed to the hospital for inebriates.
Upon due hearing in the district court Boeck was found to
be an inebriate, and warrant of commitment was issued, and
under it he was taken to Knoxville for treatment.  The record
of the proceedings was introduced and became a part of the
evidence in the case.  When he was released, or what his con-
dition was upon being released, does not appear.  At some
time after he went to Independence.

The city marshal testified that he saw Boeck for four
or five days preceding his death.  At the first time he was
under the influence of liquor standing against the bar in a
saloon, and that he took him by the shoulder, walked him to
the door, and told him to go home.  At another time within
the period given he also saw him intoxicated.  He also said
that, while he could not state that Boeck was intoxicated every
time he saw him during the four or five days, the biggest ma-
jority of times he was drinking heavily.  He was at these
times more often in the saloon of one O'Brien, who does not
appear as a witness in the case.  The marshal, Mason, further
testified that: ''Paul Boeck's condition at any time during
the time I saw him was such as to indicate that he was a heavy
drinker, and that he was using intoxicating liquor to excess.
That was apparent upon his face.  I observed that the first
time I remember seeing him.  I didn't see him at any time
when it didn't indicate to me that he was a heavy drinker.
I never saw him prior to the time that I saw him four or five
days before his death.''

William Plunkett, who lived with his daughter, keeper
of the rooming house where Boeck was staying at the time of
his death, stated that the last he saw of Boeck, when living,
was on Sunday about 2 or 3 o'clock; that he was not drunk
then, but trembling and nervous.  He asked for cocaine to
check the nervousness, but this was denied him.  Boeck then

went away, and was not afterwards seen by Plunkett when living, although he heard him go up to his room at night, in a manner which the witness thought was "a little noisily." This was after midnight. He heard him later snoring loudly. The next morning Boeck was found lying on his bed, fully dressed. He was then dead.

R. G. Swan, the coroner, who was called to take charge of the body, found in Boeck's room a full quart bottle of whisky and an empty bottle, which looked like a whisky bottle. Dr. McGrady, whose medical report of death we have already referred to, was called in by the coroner. There is no other direct testimony as to the immediate cause of death than as here recited.

The result of the coroner's inquest was introduced in evidence, and this was competent, not as con-

4. SAME: evidence: cause of death: coronor's verdict.

clusive upon the subject, but as *prima facie* evidence of the fact that death resulted from the cause thus found. *Metzradt v. M. B. A.*, 112 Iowa, 526.

We then have as evidence tending to show that the death of Boeck indirectly, if not directly, resulted from the excessive use of intoxicating liquor, the verdict of the coroner's jury, which, in the absence of evidence which supports a different conclusion, would be sufficient to warrant a finding in accordance with it. This is supplemented by parol proof of the habits and condition of the deceased for a period of several days immediately preceding and up to his death, the whisky bottles found in his room, one full, the other empty, and these are in such connection and harmony with what the proof shows to have been his prior habits, his frequent intoxication, and his commitment as an inebriate, that without evidence to the contrary it must be found that death resulted from the cause claimed by the appellant. In the record there is wanting competent evidence which in any degree tends to meet that which we have noted, unless it be conjectural statements of witnesses on cross-examination or theories as to the cause of

death not properly arising in the record. But this is not sufficient. Verdicts must have evidence to support them, and must not be founded on mere theory or conjecture. *Wheelan v. Railway Co.*, 85 Iowa, 174.

There is no evidence of expert witnesses or others tending to show the cause of death, save that which we have quoted; and while, in the absence of any proof upon the subject, the right of recovery would be with the appellee, where the record presents proof which is competent, and which is under the law sufficient to establish the fact, if not disputed, that proof must be respected. The record of fact is such that the trial court should have instructed the jury to return a verdict for the defendant on what is termed in the record its third affirmative defense. The rulings of the trial court on such motion, and also upon the motion for new trial, in the first division of which the want of evidence to support the verdict was urged, were erroneous.

IV. The waiver of appellant which was pleaded in the reply had relation only to that part of the answer which plead by way of defense that Boeck became and was intemperate in the use of intoxicating liquors; but this defense was not relied upon at the conclusion of the evidence. The question of waiver or estoppel, therefore, does not enter into the case.

For the errors noted, the judgment of the trial court is *Reversed.*

WEAVER, C. J., and DEEMER and GAYNOR, JJ., concur.