EDWARD N. PASCOE, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellee.

APPEAL AND ERROR: Insufficient Assignment. Error points and brief points must clearly demonstrate, without independent investigation by the court, (1) *what* error is claimed to have been committed, and (2) *why* it is error.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

NOVEMBER 22, 1919.

THE reason for omitting any preliminary statement will presently be made to appear.—*Affirmed.*

*T. F. Bevington,* for appellant.

*Sears, Snyder & Boughn,* for appellee.

SALINGER, J.—I. The "errors relied upon for reversal"

and the "points and propositions of law" urged in support of these error assignments are found on the thirtieth page of the printed argument for appellant, and are preceded by 26 pages setting out testimony. It is made clear what the issues are said to be, and how they were decided. As to the first, it is said that the issues are "narrowed down to the rulings of the court on the admission and the exclusion of evidence, the ruling of the court in directing a verdict for the defendant and entering judgment for him." When we reach the errors relied on for reversal and the points in their support, we find a most remarkable illustration of how "the letter killeth." It is not often there is so clear a recognition of what the rules of presentation are, coupled with such a deliberate disregard of them. Every form required by the rules is scrupulously observed, but no attention whatever is paid to the purpose of the rules. There are two error points: (1) "Errors of the court in ruling upon the admission and exclusion of evidence offered by the plaintiff;" (2) "error of court in sustaining the defendant's motion for a directed verdict and entering judgment in favor of the defendant." The "points and propositions of law urged upon this appeal" are also two: (1) "Upon the question of the rulings of the court on the admission and exclusion of evidence, the questions, objections, rulings, and exceptions are fully set out in the record, and we do not deem it necessary to cite authority on such elementary questions." (2) "Upon the question of the error of the court in directing a verdict and entering judgment for the defendant, the law in this state is well settled, and no authorities will be cited." These four are, literally, all of it. In neither the error points or the propositions is there any reference to the record by page. It perhaps is not material, but the short argument is in the same condition. See *Wheeler v. Schilder*, 183 Iowa 623.

If anything is settled, it is that the one purpose of the

rules is to advise the court of two things: what error it is claimed was committed, and why it is claimed that it was error; and that the court is so to be relieved from reading the record and from so ascertaining these two matters for itself. It is utterly impossible to ascertain what error is said to have occurred, unless one read the abstract through. There is no way other than reading all of the printed record to ascertain why it is urged upon us that whatsoever was done was error. Even a reading of the argument would not avoid this. It is a most general argument, and it gives no references to the abstract. If all the record were read, we might have an idea as to what error points and propositions of law might be founded upon it. But we would still not be advised what errors were assigned or points urged by appellant.

There is no justification for waiving the rule because the appellant is represented by an experienced member of the Iowa bar, and it appears on the face of the record that he was familiar with what the rules required. He has simply declined to do more than recognize the existence of those rules. Unless, for some reason, this particular litigant is entitled to a consideration not generally accorded, there should be an affirmance of this appeal on the very many cases in which we have defined what error points and brief points will alone obtain relief, and affirmed, as well, on the authority of *J. I. Case Thresh. Mach. Co. v. Dravis*, 182 Iowa 474, and *Riggs v. Hatfield*, 187 Iowa 685. And see *Siltz v. Hawkeye Ins. Co.*, 71 Iowa 710; *Neimeyer v. Weyerhaueser*, 95 Iowa 497.—*Affirmed*.

Ladd, C. J., Evans and Preston, JJ., concur.