## In re Estate of Charles P. Mott.

### Laura E. Campbell et al., Appellees, v. Carl W. Mott et al., Appellants.

**WILLS: Undue Influence—Free Agency Destroyed.** Influence, to be-
1 come "undue," must in some degree destroy testator's free agency.
Opportunity and disposition to employ undue influence, and mere
persuasion and importunity, are insufficient. (See Book of Anno.,
Vol. 1, Sec. 11846, Anno. 168 *et seq.*)

**WILLS: Execution—Waiver of Right to Dispute.** A contestant may
2 not question the admissibility or sufficiency of testimony tending
to show the due execution of a will when he proffers no issue as to
such execution.

**APPEAL AND ERROR: Assignments of Error—Fatally Indefinite As-**
3 signment. An assignment to the effect that the court erred (1) in
excluding evidence as shown on a series of indicated pages of the
abstract, or (2) in giving certain numbered instructions, will be
disregarded on appeal. (See Book of Anno., Vol. 1, Sec. 12869,
Anno. 34 *et seq.*)

**WILLS: Testamentary Capacity—Nonexpert Opinion.** A nonexpert
4 may base his opinion that a testator is *sane* on a recital of his ac-
quaintance with and knowledge of the testator. A nonexpert must
base his opinion of *insanity* on a recital of facts which indicate in-
sanity. (See Book of Anno., Vol. 1, Sec. 11846, Anno. 99 *et seq.*)

Headnote 1: 40 Cyc. pp. 1144, 1147, 1166. Headnote 2: 3 C. J. p.
727. Headnote 3: 3 C. J. p. 1362. Headnote 4: 22 C. J. p. 607.

*Appeal from Polk District Court.*—Hubert Utterback, Judge.

### November 17, 1925.

Proceeding wherein the will of one Charles P. Mott was of-
fered for probate, and was met by contest from certain of the
heirs. On the trial of the case, the contestants were defeated,
and they appeal.—*Affirmed.*

*C. E. Hunn* and *H. S. Hunn,* for appellants.

*Wilson & Shaw,* for special administrator, appellee.

*J. L. Witmer* and *James Parker,* for Laura E. Campbell, appellee.

ALBERT, J.—I.  The hearing on the probate of the will of Charles P. Mott was set for the 18th of September, 1922.  The contestants, being the sole heirs at law of the said Charles P. Mott, filed objection and contest in the probate of the will, and state two grounds therefor: the first of which is that Charles P. Mott was not of sound and disposing mind; and second, that said will was procured by fraud, duress, and undue influence of Laura E. Campbell and others.

On the trial of the case, the court withdrew from the consideration of the jury the question of undue influence, and submitted to it the question of mental incompetency.  The jury's verdict sustained the will.

One of the principal contentions is that it was error for the court to withdraw from the consideration of the jury the issue of undue influence.

Influence, to be undue, within the meaning of the law, must be such as to substitute the will of the person exercising the influence for that of the testator, thereby making the writing express, not the purpose and intent of the testator, but that of the person exercising the undue influence.  It must be equivalent to moral coercion, must operate at the very time the will is made, and must dominate and control the making of it.  *Henderson v. Jackson,* 138 Iowa 326; *Parker v. Lambertz,* 128 Iowa 496; *Perkins v. Perkins,* 116 Iowa 253; *In re Will of Richardson,* 199 Iowa 1320. The person charged with the exercise of undue influence need not be personally present.  *Brackey v. Brackey,* 151 Iowa 99; *In re Will of Busick,* 191 Iowa 524.

1. WILLS: undue influence: free agency destroyed.

Undue influence is not established by proof of opportunity to exercise it.  Importunity, request, and persuasion that do not go to the point of controlling the will of the testator are not enough, nor is it established by proof of opportunity and disposition so to do.  *Zinkula v. Zinkula,* 171 Iowa 287; *Sutherland State Bank v. Furgason,* 192 Iowa 1295; *In re Estate of Townsend,* 128 Iowa 621.  It is apparent, therefore, under these rules, that opportunity and disposition, plus persuasion and im-

portunity, are not sufficient to take the question of undue influence to the jury. Contestants must go further than this, and show not only the existence of the facts, but that said undue influence existed, and controlled the maker of the instrument in the disposition he made of his property, substituting the will of the person exercising the influence for the will of the person making the writing. We have measured the testimony in this case by these rules, and find nothing that would warrant the court in submitting the question of undue influence to the jury.

As heretofore stated, the contestants bottomed their contest on two grounds: namely, mental incapacity and undue influence. They did not, in their pleadings, deny the publication and due execution of the will. The burden was on the proponents to produce sufficient testimony to satisfy the court thereof, which was done in the instant case; but appellants seek to raise numerous questions as to the admissibility and sufficiency of the testimony offered for that purpose. This they were not in a position to do, as that was a question wholly for the court in the first instance, and, as they did not make the execution of the will a matter of contest in their pleadings, it does not lie with them to question now the admissibility or sufficiency of the evidence to warrant the admission of the will to probate.

2. WILLS: execution: waiver of right to dispute.

II. It is sought to bring to the attention of the court alleged errors on three propositions: first, as to the evidence excluded; second, as to evidence admitted over objection; and third, as to rulings on objections to evidence. Under these three different heads, some twenty errors are assigned, of which the following is typical:

3. APPEAL AND ERROR: assignments of error: fatally indefinite assignment.

"The court erred in excluding the evidence of fraud and undue influence on the testator, as shown by the court's rulings hereinafter designated. (Abstract p. 26, lines 25 and 32; p. 27, lines 3 and 29; p. 28, lines 11 and 26; p. 30, lines 8, 17 and 18 and 27; p. 31, lines 6, 13 and 22; p. 36, lines 8 and 10; 24 to 26; p. 37, lines 9 and 10; 20, 24, 26 and 32; p. 38, lines 4, 10, and 29; p. 109, line 34; p. 140, lines 20 and 21; p. 141, line 5; p. 143, lines 8 to 12, that portion thereof as bears on the restriction; p. 143, line 29)."

"The court erred in giving Instructions (1, 2, 3, 4, 7, 8, 9, 10, 11, 12 and 13, pp. 232, 233 and 234; pp. 235 to 240.)"

Under some of these errors, no less than forty different places are cited in the abstract. To this method of pointing out errors we cannot submit. Our rules require the appellant to state, in separate numbered propositions, each error relied upon, with a brief and concise statement of the record presenting the alleged errors and exceptions. We have repeatedly called the attention of counsel to this rule, and the persistent infractions thereof have become so numerous that we feel that we must enforce the rule. In this case, for instance, with some twenty assignments of error of this character, and anywhere from ten to forty different references made under each assignment, it is a hopeless task to attempt to follow these matters when thus assigned. We refuse so to do, and for that reason no further attention is given to these assignments of error. See *Reynolds v. Henry*, 193 Iowa 164; *Pascoe v. Chicago, B. & Q. R. Co.*, 187 Iowa 987; *Wine v. Jones*, 183 Iowa 1166; *Boeck v. Modern Woodmen*, 162 Iowa 159; *Skeels v. Porter*, 165 Iowa 255; and *In re Estate of Pauly*, 174 Iowa 122.

We gather from the argument of counsel that most of the complaint that he makes as to testimony arises from testimony of nonexperts tendered on each side of the case. The rule in

4. WILLS: testamentary capacity: nonexpert opinion.

relation to nonexpert testimony is too well settled to be the subject of debate. A nonexpert witness cannot give an opinion that the decedent was insane without first reciting a set of facts which would tend to raise a fair inference of insanity. If the witness does not lay such a foundation, he should not be permitted to give his opinion that the decedent was insane. On the other hand, a nonexpert witness testifying to the sanity of the decedent qualifies himself by showing his acquaintance with and opportunity to observe the decedent, and may be permitted to then give an opinion that the decedent was sane, without reciting the facts on which he bases that opinion. *Furlong v. Carraher*, 102 Iowa 358; *Goldthorp v. Goldthorp*, 106 Iowa 722; *Smith v. Ryan*, 136 Iowa 335; *Frick v. Kabaker*, 116 Iowa 494; *In re Estate of Workman*, 174 Iowa 222; *Hull v. Hull*, 117 Iowa 738; *In re Estate of Hanrahan*, 182 Iowa 1242; *In re Estate of Cooper*, 196

Iowa 116. We have read this record, and find no serious infraction of either of these rules. In one or two instances there seems to be an impingement, but we do not think this slight infraction was prejudicial.

The foregoing disposes of all errors noticeable in this court, and, after having reviewed the evidence in the case, we do not find that the lower court committed error.—*Affirmed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.