## In re Will of Emily Jane Johnson.

Amy Scarber, Proponent, Appellee, v. Walter Johnson, Contestant, Appellant.

**WILLS: Testamentary Capacity—Physical and Mental Deterioration.**
1  Principle reaffirmed that mere old age or some deterioration in physical or mental power, or peevishness, childishness, and eccentricity, are not sufficient to carry to the jury the issue of mental unsoundness. (See Book of Anno., Vol. 1, Sec. 11846, Anno. · 39 *et seq.*)

**WILLS: Requisites and Validity—Undue Influence—Opportunity, Etc.**
2  Principle reaffirmed that neither disposition and opportunity to ex-

ercise undue influence nor persuasion and importunity will generate
a jury question on the issue of undue influence in the execution of a
will. (See Book of Anno., Vol. 1, Sec. 11846, Anno. 176 *et seq.*)

Headnote 1:   40 Cyc. pp. 1008, 1011, 1321.   Headnote 2:   40 Cyc.
pp. 1145, 1147, 1322.

*Appeal from Henry District Court.*—JAMES D. SMYTH, Judge.

MARCH 16, 1926.

ACTION to contest the validity of the will of Emily Jane
Johnson, deceased, resulting in a directed verdict against con-
testant, who appeals.—*Affirmed.*

*Thoma & Thoma,* for appellant.

*McCoid, McCoid & McCoid,* for appellee.

ALBERT, J.—Emily Jane Johnson died on September 30,
1924, at the age of 70 years. She was the surviving spouse of
Commodore P. Johnson, who predeceased her by several years,
and who disposed of his property by will, giving all personal
property and a life estate in his farm to his surviving spouse, a
life estate to the contestant, Walter Johnson, and the remainder
of his property to the children of Walter Johnson. Emily
Johnson made a will on the 25th of August, 1924, giving all of
her property to Amy Scarber, a niece, proponent herein.

Walter Johnson was the nephew of Emily and Commodore
P. Johnson. Under date of June 21, 1907, adoption papers were
executed by Commodore Johnson and wife and William Henry
Johnson, the father of contestant, Walter Johnson, by which
Emily and Commodore P. Johnson adopted the contestant,
Walter Johnson. There is some dispute in the record as to
the validity of the adoption papers, but, as we view the case,
a determination of this dispute is not material herein.

The contest made against the will of Emily J. Johnson
was bottomed on the ground of mental incapacity and undue
influence. The proponent offered evidence establishing the will
in the first instance; and after she rested, the contestant intro-
duced his evidence, at the close of which, on motion, the court

directed a verdict in favor of proponent, and judgment was entered admitting the will to probate.

As we read the record, contestant concedes that the will should be admitted to probate if he has not introduced sufficient evidence to carry his contest to the jury. The only errors assigned cover the question of the court's directing a verdict in favor of the proponent.

The burden is on the contestant, in a case of this character, to show that the deceased did not have sufficient mental capacity to comprehend the nature of the instrument she was executing and to recollect the property she meant to dispose of, the objects of her bounty, and the manner in which she wished to distribute it among them. *In re Will of Richardson,* 199 Iowa 1320; *Sevening v. Smith,* 153 Iowa 639; *Perkins v. Perkins,* 116 Iowa 253, and cases there cited. Mere old age or some deterioration in physical or mental power, or peevishness, childishness, and eccentricity, are not sufficient to carry to the jury the issue of mental unsoundness of the testator. *In re Estate of Shields,* 198 Iowa 686; *In re Will of Richardson,* supra; *In re Will of Kester,* 183 Iowa 1336; *In re Will of Byrne,* 186 Iowa 345.

1. WILLS: testamentary capacity: physical and mental deterioration.

It is not the duty of the court, in disposing of a motion for directed verdict, to submit the case to the jury because there is some evidence introduced by the party having the burden of proof, unless that evidence is of such character that it would warrant the jury in finding a verdict in favor of the party introducing such evidence. Before the question is left to the jury for its determination, the preliminary question for the court is whether there is any evidence to support the verdict, and if so, whether, upon such evidence, the jury can find a verdict for the party producing it that will stand. *Bales v. Bales,* 164 Iowa 257; *Seamans v. Gallup,* 195 Iowa 540. The above rule announces the quantum of proof necessary to be produced by contestants before they are entitled to have their case submitted to the jury. We have given this record critical consideration, and are unable to find sufficient evidence to carry the question of the mental unsoundness of deceased to the jury. Hence the court did not err thus far.

It is further insisted, however, that the evidence was sufficient to carry the question of undue influence to the jury. The rules governing this question are equally well settled.

"To be 'undue,' the influence must have been such as to destroy the free agency of the testatrix, and make her the implement of her husband's craft, and make the instrument executed by her the will of her husband, rather than her own. It must operate to destroy her free agency, not at some time in the past, but at the very time and in the very act of executing the instrument. Solicitations, however importunate, cannot themselves constitute undue influence; for, though these may have a restraining effect, in that they persuade or induce the mind of the testatrix to consent to the thing asked for, they do not destroy her power to freely dispose of her estate." *Henderson v. Jackson*, 138 Iowa 326.

2. WILLS: requisites and validity: undue influence: opportunity, etc.

See, also, *In re Estate of Townsend*, 128 Iowa 621; *Mallow v. Walker*, 115 Iowa 238; *Sutherland St. Bank v. Furgason*, 192 Iowa 1295.

Opportunity to exercise undue influence is not sufficient to carry the case to the jury. *Zinkula v. Zinkula*, 171 Iowa 287. Neither are opportunity and disposition, plus persuasion and importunity, sufficient to make a jury question. *In re Estate of Mott*, 200 Iowa 948.

With these rules in mind, and remembering that the burden is on the contestant to establish undue influence, we are unable to find any evidence which would be sufficient to carry the question of undue influence to the jury.—*Affirmed*.

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.