F. H. PARKS v. BURK TANNERY COMPANY and SOUTHERN
RAILWAY COMPANY et al.

(Filed 22 December, 1917.)

**Master and Servant — Employer and Employee — Pleadings — Negligence—
Railroads—Demurrer Ore Tenus—Car Couplings.**

Where the complaint in an action to recover damages for a personal
injury alleges that the defendant employer, an industrial enterprise,
owned and operated cars on a railroad siding, also so used by the railroad
company, and while coupling cars, in the course of his employment, fur-
nished with a defective coupler, the plaintiff was compelled to kick the
coupling with his foot, which was caught by a splinter and crushed, when
his position rendered it impossible for him to signal the engineer of the
railroad company to stop, etc.: *Held*, contributory negligence does not
appear as a matter of law, and a demurrer *ore tenus* on the ground that
the complaint does not set out a cause of action is bad.

CLARK, C. J., concurring.

APPEAL from *Justice, J.*, at October Term, 1917, of BURKE.

The defendants, having filed answers to the complaint as amended
by leave of the court, demurred *ore tenus* upon the ground that it does
not set out a cause of action. The demurrer was sustained and the
action dismissed. Plaintiff appealed.

*W. A. Self and Spainhour & Mull for plaintiff.*
*Avery & Ervin and S. J. Ervin for defendants.*

BROWN, J. The pleadings disclose that the plaintiff seeks to recover
damages for a personal injury for negligence, against the Tannery Com-
pany for requiring plaintiff, its employee, to couple up a car with
defective coupling, and against the Southern Railway for delivering
such a car to the Tannery Company.

The complaint alleges that the defendant Tannery Company had
tracks on which it kept engines and rolling stock in constant use in con-
nection with the operation of its business in moving cars of its own as
well as those delivered by the railway company. It is alleged that a car
which plaintiff was directed to couple had a defective coupling, so that
the same would not couple by impact, and was otherwise defective and
dangerous; that such coupling was out of alignment, and that it was
necessary for plaintiff to push the same into alignment before it could
couple, and that he put his foot on it to push it into alignment, when
his foot was caught by a splinter and held so that he could not extricate
himself nor signal to the engineer, and that his foot was crushed between
the couplings of the two cars.

Taking the allegations of the complaint to be true, as we must when
a demurrer is interposed, we are of opinion that there was error in sus-

taining it. It is probable that the learned judge based his ruling upon the idea that it appears in the complaint that the plaintiff contributed to his injury by putting his foot on or kicking the coupling and, therefore, could not maintain his action for damages.

It appears that plaintiff is not an employee of the Southern Railway, and it is assumed, we presume, that the Tannery Company is not such a common carrier as comes within the purview of the act of the General Assembly of 1913, abolishing contributory negligence as a defense in actions by employees of railroads for personal injuries, and allowing evidence of it only in diminution of damage.

It is true that where the contributory negligence of a plaintiff is patent upon the face of his complaint and it is of that kind which bars his recovery, it may be taken advantage of by demurrer. *Burgin v. R. R.,* 115 N. C., 674.

But we do not think that is the case here to the extent that the question may be determined upon demurrer *ore tenus.* Whether such defense is open to either or both of defendants and whether plaintiff's negligence was the proximate cause of his injury are matters that can be more properly determined when pleaded in the answer and after the facts are found.

Reversed.

CLARK, C. J., concurring: While Laws 1913, ch. 6 (Gregory's Supp., 2645a), provide that in case of contributory negligence, damages may be apportioned between the corporation and the employee in proportion to the negligence of each, it must not be overlooked that the *proviso* to section 2 thereof specifies, "No such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

This is an express adoption of the doctrine first laid down in *Greenlee v. R. R.,* 122 N. C., 977, and *Troxler v. R. R.,* 124 N. C., 191, before the passage of any statute, that when the employee of a railroad is injured or killed by the failure of the company to use safety appliances contributory negligence could not be pleaded either in defense or in mitigation of damages to any extent whatever. Both the State and Federal governments later passed statutes to that effect; and in adopting the doctrine of comparative negligence since that time, the statutes, both State and Federal, have been careful to prevent the inference that contributory negligence to any degree can be a defense or mitigation of damages where the company has failed to conform to the requirement of the statute in regard to safety appliances.

HARGIS v. POWER CO.

As there are in North Carolina over 40,000 railroad employees, of whom a large part are employed in the operation of trains, it is all-important to them that the above *proviso* in the statute should not be lost sight of, even when the matter is not directly brought up by an appeal, when an adverse inference might be drawn if the distinction is not adverted to.