### J. H. KEARNEY v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 28 March, 1919.)

1. **Railroads—Fires—Negligence—Evidence—Nonsuit—Trials.**

    In an action to recover damages by fire to the plaintiff's property alleged to have been negligently set out by the defendant railroad company's passing locomotive, there was evidence tending to show that the locomotive passed at 3 p. m., that the fire was discovered the following morning at 2:30; that the first of plaintiff's buildings to burn was near the foul railroad track; and in defendant's behalf, that the plaintiff's boiler-room near the center of the lands was the first to catch, and the fire was attempted to have been put out by the plaintiff's clerk who left it before it was completely extinguished, by which reason it started again and caused the damages complained of: *Held,* sufficient to take the case to the jury upon the issue of defendant's actionable negligence, including proximate cause, and a motion of nonsuit was properly denied.

2. **Pleadings — Contributory Negligence — Negligence —Fires—Railroads— Statutes.**

    The plea that an employee of the plaintiff had negligently failed to see that he had entirely extinguished a fire started by the locomotive of the defendant railroad company, and that the fire rekindled and caused the plaintiff the damages complained of in his action, is one of contributory negligence required by the statute to be pleaded. Revisal, sec. 483.

·3. Negligence—Principal and Agent—Scope of Agency—Instructions— Trials.

Where the plea of contributory negligence of the plaintiff's agent in not completely extinguishing a fire set out by the defendant railroad company is available to the defendant in the action, and there is supporting evidence, a requested instruction that excludes the principle as to whether it was within the scope of the agent's duty, as such, to extinguish the fire, is, properly refused.

·4. Instructions—Appeal and Error—Objections and Exceptions—Special Requests.

Exception that the charge of the trial judge to the jury was not sufficiently full upon a certain aspect of the case should be to his refusal to give a requested instruction bearing thereon, or it will not be considered on appeal.

APPEAL by defendant from *Stacy, J.,* at February Term, 1918, of FRANKLIN.

This action is to recover damages for property alleged to have been burned by the negligence of the defendant. From a verdict and judgment for $10,000, the defendant appealed.

*White & Malone, W. H. Yarborough, and W. M. Person for plaintiff.*
*Murray Allen and B. T. Holden for defendant.*

CLARK, C. J. Owing to the amount involved, this case has required very full consideration of all the exceptions, but it really turned almost entirely upon controverted facts of which the jury were the arbiters. The plaintiff contended that the fire was due to the negligence of the defendant in permitting its right of way to become foul and its engine emitting sparks which set fire to the right of way and thus destroyed his property. The defendant contended that the fire originated in the plaintiff's boiler-room. The train alleged to have set out the fire passed about 3 p. m. and the fire was discovered raging about 2:30 next morning. There was evidence that there was a fire on the defendant's right ·of way after train passed. There was evidence that this fire was put out by a clerk of the plaintiff, and circumstantial evidence that though he attempted to put it out he failed to do so. There was conflict in the testimony of the witnesses of plaintiff and of defendant as to what was the first building to burn. The plaintiff's witnesses testified that the building nearest the railroad burned first, while defendant's witnesses said the fire originated in plaintiff's boiler-room, which was about the ·center of the lot. These were matters for the consideration of the jury, and there was sufficient evidence to be submitted to them tending to show that the fire resulted from the negligence of the defendant. It has been uniformly held by us that in passing upon the motion to nonsuit,

the evidence in support of plaintiff's claim must be accepted as true and construed in the light most favorable to him. *Boney v. R. R.,* 175 N. C., 354. There is no need to review the evidence. The motion to nonsuit was properly denied.

The defendant relies strongly upon the lapse of time between the passage of the train at 3 p. m. and the outbreak of the fire in burning the buildings, but this was a matter for the consideration of the jury. In *Hardy v. Lumber Co.,* 160 N. C., 118, there was a lapse of twelve days during which the fire seems to have smouldered. The question of proximate cause in this case was submitted to the jury in accordance with the principles and authorities in that well-considered case.

The other exceptions are settled by *Hardy v. Lumber Co., supra,* and the cases therein cited. We need only to consider at more detail exceptions 18, 31, and 32, that the court refused to charge the jury that "If the jury shall find from the evidence that Emmett Edwards, as an employee of the plaintiff, failed to put out the fire when by the exercise of a prudent man he should have done so, the plaintiff could not recover." There is no averment in the answer to support such a plea which would be an allegation of contributory negligence. Revisal, 483, specifically requires that such plea should have been set up in the answer. See *Hardy v. Lumber Co., supra.* If this defense had been set up in the answer, and if there had been evidence tending to show that it was within the scope of Edwards' duty, still the prayer would have been defective because such defense must be proven by the defendant by the greater weight of the evidence.

Besides, though Edwards was an employee of the plaintiff, there is no allegation and no evidence which tends to show that it was within the scope of his duty to put out fires. He was a clerk or manager of the store. An employer is not responsible for the negligence of his employee outside the scope of his employment. Especially in respect to preventing damages from fire the rule is thus stated, 33 Cyc., 1346, note 56: "An employee of the owner in another business not connected with the property is under no legal obligation to protect it, and his omission to do so is not contributory negligence on the part of the owner."

We do not think that the other exceptions require discussion. The court instructed clearly upon the question of proximate cause, and though the defendant excepts that the charge should have been fuller in that regard, the defendant asked no instructions upon that point. *Hardy v. Lumber Co., supra.*

The charge of the court seems sufficiently clear and full. The defendant was charged in the complaint with negligence in two respects, and the plaintiff put on evidence to sustain both allegations, yet the defendant put on no evidence in denial of either the foul right of way

or of negligence in putting out fire on such right of way. The controversy as submitted to the jury upon the facts was whether fire was set out by the negligence of the defendant and whether the fire thus set out spread to and destroyed the plaintiff's property.

The amount involved justified the very thorough discussion in the argument and briefs here, and the facts were doubtless fully presented to and thoroughly understood by the jury, who have found their verdict in favor of the contentions of the plaintiff.

Upon the questions of law presented to us by the exceptions of the defendant we find

No error.