ROSE CURRY, Administratrix, Appellant, v. W. H. BICKLEY, Appellee.

**MASTER AND SERVANT:** Liability to Third Persons—Chauffeur's
1  **Scope of Employment.** A chauffeur who, being authorized to oper-

ate his master's automobile on a certain journey, wholly departs therefrom and, for his own personal enjoyment, embarks upon an unauthorized "joy ride," thereby ceases, for the time being, to be the agent of the master, with the resulting consequence that the master may not be held liable for the negligence of such chauffeur occurring while the latter is engaged in and returning from such unauthorized ride.

**AUTOMOBILES:** Operation—Presumption. The presumption that an 2 automobile is being operated under the authority and with the consent of the owner is, of course, rebuttable.

*Appeal from Black Hawk District Court.*—H. B. Boies, Judge.

NOVEMBER 13, 1923.

ACTION for damages for the death of plaintiff's intestate, caused by the alleged negligence in the operation of an automobile belonging to the defendant. Directed verdict for the defendant. Plaintiff appeals.—*Affirmed.*

*McCoy & Beecher,* for appellant.

*Mears & Lovejoy* and *Burr C. Towne,* for appellee.

FAVILLE, J.—Appellee is a physician and surgeon, residing in Waterloo, and is a member of the firm of Alford, Bickley, Curry & Dunkelburg, physicians. It is undisputed in the record that appellee was the owner of a Hudson sedan car, which was kept for the use of appellee and his family. It also appears that appellee had possession and care of a Buick coupé, which was owned by the firm of physicians of which he was a member. The automobile license of this car was paid for by the firm, and it and the Hudson sedan car were kept in the same garage, at appellee's home. One Subeff was employed by appellee, and made his home at appellee's residence. He performed various duties, such as raking the yard and taking care of the premises of appellee, and he also washed and greased both of the automobiles.

1. MASTER AND SERVANT: liability to third persons: chauffeur's scope of employment.

It appears from the evidence that Subeff drove the Buick car on business trips for the appellee, and that at such times he

was accompanied by appellee, and that he also drove the Hudson car, sometimes when accompanied by appellee, and at other times when accompanied by members of appellee's family. Appellee had instructed Subeff that he was not to drive the Buick car or use it for any purpose except to aid the appellee in his professional work. It also appears that he instructed Subeff to use the Hudson car if any member of appellee's family desired to be taken anywhere.

On February 3, 1922, appellee was in Chicago. On the morning of that day, appellee's father requested Subeff to drive him to the town of Hudson, for a visit. Subeff thereupon took the Buick car, and drove appellee's father to said town. Appellee's father paid a visit to a friend, and it was arranged between him and Subeff that the latter was to call for him, sometime during the afternoon, for the return trip. Subeff drove the Buick car to the residence of a friend in Hudson, and shortly afterwards, took a boy seventeen years of age and two younger children in the car with him for a ride. They drove back to Waterloo, where they stopped and secured some gasoline for the car, and then started for Cedar Falls. Subeff permitted his companion, the boy of seventeen, to drive the car; and while the boy was so driving it, at a rate of speed between thirty-five and forty miles an hour, appellant's intestate was struck, and received the injury from which he died. At the close of all of the testimony, appellee's motion for a directed verdict was sustained.

I. The appeal presents, primarily, the one question as to whether or not there was a question for the jury as to whether or not the chauffeur was acting within the scope of his employment at the time of the accident. Various propositions are argued, but we think there is one outstanding and controlling fact in the case. Assuming, solely for the sake of the argument, that the chauffeur was authorized to take the Buick car for the purpose of driving appellee's father from Waterloo to Hudson and return, we think it must be held, as a matter of law, under the record in the case, that the employee was not within the scope of his employment at the time the accident occurred. When the employee left appellee's father at the town of Hudson, he took and used the automobile solely for purposes of his own, without any authority so to do. There was nothing in his em-

ployment that vested him with any right or authority whatever to take the car for his own pleasure or for his own purpose. He stepped entirely outside the scope of his employment and the line of his service. He proceeded to take the car to the home of a friend, and then, accompanied by three children, started out on a trip that had nothing whatever to do with the business of his employer and was not associated in any way with the return of appellee's father to Waterloo. Solely for his own entertainment and that of his companions, he drove the car back to Waterloo. He then proceeded on a more attractive route to drive on the paved highway from Waterloo toward Cedar Falls, which was not in the direction of Hudson, but several miles out of his course. No pretense or claim is made that this trip was for any other purpose than solely for the pleasure of Subeff and his friends. It was what is commonly known as a ''joy-ride,''— nothing else. The employee surrendered the control of the car to one of his companions, who was driving the same at the time of the injury to appellant's intestate. Under this state of facts, the court was fully warranted in holding, as a matter of law, that there could be no liability on the part of the owner of the automobile.

Appellant contends that, even though the employee took the car from Hudson for purposes of his own, he was returning to Hudson to resume his employment and to bring appellee's father back to Waterloo, and that, while on such return trip to resume his work, he was in the employer's service, and that the employer is thereby liable for his negligence at such time.

In the first place, the facts fail to sustain appellant's contention in this regard. The employee had not abandoned the use of the car for his personal pleasure at the time of the accident. He was miles from Hudson, distant from a direct route thereto, and taking this circuitous course solely for his own pleasure and that of his friends. There are courts that have recognized a rule that, if an employee under somewhat similar circumstances takes his employer's car for his personal purposes, he is, while he is in the act of returning directly to the scene of his employment to resume his work, in the employer's service. We refuse to follow the authorities so holding, or to acquiesce in such a rule. The very decided weight of authority is to the

contrary. It has been frequently held that, where the employee, without the consent of his employer, leaves the scene of his employment and takes the employer's automobile for purposes solely his own, whether of business or pleasure, by so doing he steps entirely outside the scope of his employment, and that the employer is not liable for his negligent acts while so engaged, whether he be going from or returning to the place of his employment. He is no more engaged in the employer's business, under such circumstances, in getting back to the place of employment than he was in going away from it. He is serving his own purpose during all of such time. He lays aside his character of employee, and, without any right or authority so to do, takes his employer's car for purposes wholly personal to himself. He does not resume, in any legal or proper sense, the service of his master merely when he turns to get back to his place of employment.

This is not a case of some mere trifling or inconsequential deviation from the specific directions of an employer. It is not a case where an employee chooses one route when he might have chosen another more direct; but it is one where, without a semblance of authority or right so to do, the employee entirely abandons and steps outside of anything even remotely connected with his employment, and, solely for purposes of his own, uses his employer's property for his own ends, and in such manner as his own desires may suggest. To say that he is in the service of his employer in thus serving his own purposes is to declare that consistency exists in a contradiction of terms. The rule has been applied under a great variety of circumstances, as is illustrated by the following cases: *Reilly v. Connable*, 214 N. Y. 586 (108 N. E. 853); *Doran v. Thomsen*, 76 N. J. L. 754 (71 Atl. 296); *Hartnett v. Gryzmish*, 218 Mass. 258 (105 N. E. 988); *Lotz v. Hanlon*, 217 Pa. 339 (66 Atl. 525); *Steffen v. McNaughton*, 142 Wis. 49 (124 N. W. 1016); *Colwell v. Aetna B. & S. Co.*, 33 R. I. 531 (82 Atl. 388); *Danforth v. Fisher*, 75 N. H. 111 (71 Atl. 535); *Slater v. Advance Thresher Co.*, 97 Minn. 305 (107 N. W. 133); *Gousse v. Lowe*, 41 Cal. App. 715 (183 Pac. 295); *Van Cleave v. Walker*, (Tex. Civ. App.) 210 S. W. 767; *Jones v. Hoge*, 47 Wash. 663 (92 Pac. 433); *Sweeden v. Atkinson Improvement Co.*, 93 Ark. 397 (125 S. W. 439);

*Northup v. Robinson*, 33 R. I. 496 (82 Atl. 392); *Brinkman v. Zuckerman*, 192 Mich. 624 (159 N. W. 316).

II.   It is the claim of appellant that, under our holdings in *Landry v. Oversen*, 187 Iowa 284, and *Baldwin v. Parsons*, 193 Iowa 75, an inference arises that a car which is being oper-

2. AUTOMOBILES: operation: presumption.

ated on the public highway is being driven by or in behalf of the owner of the car.   The rule in the *Landry* case and the *Baldwin* case is a necessary and salutary rule.   It is necessary that all automobiles operating in this state be registered, and that they bear an official number.   It is a matter of common knowledge that automobile accidents frequently occur where the owner of a car involved in an accident can be ascertained only by tracing the identity of the owner through the record of the license number. It is a wholesome rule that places upon the owner of a car the burden of establishing that the car was not being operated, at the time of an accident, by himself or under his direction, if such be the fact.   But this rule in no way contravenes the rule announced herein, nor is it a help to appellant's cause.   Applying the rule of these cases to the instant case, it would establish the fact that the ownership of the car that caused the injury was in the firm of Alford, Bickley, Curry & Dunkelburg, and that any inference that would arise from the fact of ownership would have a tendency to fix the liability upon said firm, rather than upon the appellee in this case.   But, in any event, the inference that a car is being operated at a given time by the owner, or with his consent, does not require that every case shall go to the jury where the undisputed and uncontroverted evidence establishes the facts so conclusively that the inference is overcome.

Upon the record, the court did not err in refusing to submit to the jury the question of appellee's liability merely from the fact that, because he was the owner of the car (if he was), an inference could be indulged that it was being operated for him or under his direction, at the time of the accident.

III.   Appellant claims for Chapter 275 of the Acts of the Thirty-eighth General Assembly that it makes the owner of an automobile liable for the negligence of the driver, if the automobile is driven with the owner's consent.

Appellant claims too much for the statute; but in any event, under the facts of this case, the undisputed evidence shows that the car was being driven without the owner's consent, and in pursuit of the employee's own pleasure and convenience, and not in the service of his employer. It was not being driven "by consent of the owner." The matter is fully discussed in the recent case of *Rowland v. Spalti*, 196 Iowa 208.

We deem it unnecessary to discuss other propositions argued by appellant; for our holding is that the court was right in directing a verdict in behalf of the appellee, on the ground that the undisputed evidence shows that the chauffeur was not within the course of his employment at the time of the injury, and that the appellee, as a matter of law, could not be held liable for his negligence, under the circumstances shown.

The judgment of the district court was correct, and it is— *Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.