R. T. HAMILTON, Appellee, v. GEORGE SPRAGUE, Appellant.

PLEADING: Construction—Scope of Employment—Admission. A counterclaim to the effect that defendant's employee was, at a named time and place, operating defendant's automobile in a careful manner and without negligence, with prayer for damages against plaintiff for injuring the machine, will be construed as an admission that the employee was, at the time and place, acting within the scope of his employment. (See Book of Anno., Vol. 1, Sec. 11111, Anno. 9 *et seq.*)

Headnote 1:  22 C. J. p. 422.

*Appeal from Hardin District Court.*—G. D. THOMPSON, Judge.

JUNE 21, 1926.

Action for damages sustained by plaintiff's horses, occasioned by their being struck by an automobile operated by defendant's employee. There was a verdict for plaintiff, and from a judgment thereon, the defendant appeals.—*Affirmed.*

*Williams & Steinberg,* for appellant.

*Lundy, Peisen & Soper,* for appellee.

VERMILION, J.—The only question presented on the appeal is the sufficiency of the evidence to sustain the verdict.

It is undisputed that the appellant's automobile, while being operated by one Parland, an employee of appellant's, struck and injured two horses belonging to appellee. It is not questioned but that there was sufficient evidence of negligence on the part of Parland and freedom from contributory negligence on the part of plaintiff to sustain the verdict. The sole contention is that there is no evidence to support a finding that appellant was responsible for Parland's negligence.

Without setting out the evidence, it may be conceded that the testimony on behalf of appellant, if that were all the evidence on the point in the case, would bring it clearly within the rule laid down in *Curry v. Bickley*, 196 Iowa 827, and require us to hold that Parland's use of the appellant's car at the time in question was entirely outside the scope of his employment, and wholly contrary to any consent or permission given by appellant for him to use the car, and that the verdict could not be sustained. But the appellant filed in the case a counterclaim for the damage sustained by his car in the collision with appellee's horses. The counterclaim was withdrawn before the submission of the case to the jury, but it was introduced in evidence by the appellee. Its allegations, so far as material to the present inquiry, are as follows:

"That, in the month of August, 1923, the employee of the defendant was riding in an automobile upon the public highway, * * * that plaintiff was driving upon the said highway seven or eight head of horses ahead of his automobile."

Negligence of the plaintiff is set out, which, it is alleged, caused the "horses to collide with the automobile owned by the defendant that was being driven by his employee." Damage is averred, and it is further alleged:

"That the agent and servant of the defendant was operating said automobile in a careful and cautious manner, and was free from negligence."

We are of the opinion that the allegations of the counterclaim might well have been construed as an admission on the part of the appellant, not only that the driver was in his employ generally, or at some times, or for some purposes, but that he was, at the time in question, acting within the scope of his employment, and sustained such relation to appellant that the latter would be responsible for his negligence.

The fact of Parland's employment was admitted by appellant as a witness, and, of course, inhered in, and was inseparable from, the contention that, on the occasion in question, he was not acting within the scope of his employment.

The language of the counterclaim is that the agent and servant of defendant was operating the car in a careful manner. We think this is clearly susceptible of the construction that the driver was, at the time, acting as the employee of the appellant.

The time when the driver was operating the car was the only time that had any materiality. It was the time to which the allegation of the counterclaim expressly related, and the time at which the driver is there designated as the agent and servant of appellant.

Another consideration strongly confirms the conclusion that the allegations of the counterclaim might properly be considered as more than a mere admission that Parland was in the employ of appellant. It alleges, as an element of the claimed right to recover against the plaintiff, that the agent and servant of the appellant who was driving the car was free from negligence. Such an allegation was necessary only if the relation between the appellant and the driver was such that the negligence of the driver would be imputed to the appellant. If the driver, at the time of the collision, although in the general employ of appellant, was not acting within the scope of his employment, his negligence could not be imputed to appellant. *Faust v. Philadelphia & R. R. Co.,* 191 Pa. St. 420 (43 Atl. 329); *Kearney v. Seaboard A. L. R. Co.,* 177 N. C. 251 (98 S. E. 710); 29 Cyc. 545. But, on the other hand, if he was so acting within the scope of his employment, his negligence would not only be imputed to the appellant, and prevent a recovery by appellant for the injury to which such negligence contributed, but appellant would be liable, under the familiar doctrine of *respondeat superior,* for an injury to another caused by such negligence. The plain and obvious inference from the allegations of the counterclaim is that the relation between appellant and the driver of the car at the time of the collision was such that defendant could only recover if the driver was free from negligence. An admission of such a relation is also an admission of a relation that would make appellant responsible for the injury complained of.

The question whether the driver of appellant's car was acting within the scope of his employment was, upon the record presented, a question for the jury.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.