JENNIE CAMPFIELD et al., Appellants, v. S. LINCOLN RUTT, Executor, et al., Appellees.

No. 40639.

FEBRUARY 17, 1931.

*Moore & Moore, A. M. Fagan,* and *Mary K. Fagan,* for appellants.

*Carl P. Knox* and *Harry D. Byers,* for appellees.

WAGNER, J.—On January 22, 1929, J. T. Smith, 79 years of age, a resident of Guthrie County, died, leaving no surviving widow, and leaving the following named children: Jennie Campfield, Ruth Oddy, Emmet Smith, G. H. Smith, and C. E. Smith. The latter son, C. E. Smith, has three sons, Burton Smith, Thomas Smith, and Edgar Smith, who are residuary devisees in the instrument purporting to be his last will and testament

At the time of his death, J. T. Smith was the owner of 160 acres of land in Guthrie County and personal property of the value of $1,500 to $2,000. On August 15, 1927, an instrument purporting to be his last will and testament was duly executed. After directing payment of his debts, said instrument provides:

"Item 2. I hereby devise and bequeath to S. Lincoln Rutt as trustee to be held in trust by him for the use of my son C. E. Smith all of the property of which I shall die seized or possessed, personal real and mixed hereby giving said trustee sole control of said property with power to lease the real property and collect the rents thereof and to invest the rents and to sell or convert the personal property into cash and invest the same as he shall see fit, to have and to hold the same for the support of my said son, C. E. Smith, during his lifetime and for no other purpose during the lifetime of my said son, hereby exempting all of said property, the proceeds, rents and income thereof from any debts of my son, C. E. Smith, present or debts hereinafter incurred by my said son; and I hereby direct that such rent interest and income shall not be assigned by the said C. E. Smith in anticipation and shall not be subject to be seized by his creditors in advance of the payment to him. And I hereby give my said executor and trustee authority to determine the amount it shall be necessary for him to give my son C. E. Smith from time to time for my said son's support.

"Item 3. After my son C. E. Smith's decease I give devise and bequeath the residue and remainder of my estate, both real and personal to my three grandsons, Burton Smith, Thomas Smith and Edgar Smith, and absolutely to be divided among them equally, share and share alike and I direct authorize and empower my said executor and trustee to convey any real property remaining of my estate to the aforementioned grandchildren by a good and sufficient deed without any further order or approval of the court.

"Item 4. I hereby appoint S. Lincoln Rutt as executor and trustee of this my last will and testament. This will is made in pursuance of a contract with the said C. E. Smith that he is to care and provide for me during the remainder of my life and provide me a home during the remainder of my natural life as per a verbal contract entered into by and with him some three years ago and which is this day reduced to writing, hereby re-

ferred to and made a part of this will. And the reason that I am not leaving my other children anything in my will is for the reason above stated. In witness whereof I have hereunto set my hand this 15th day of August A.D. 1927.''

On the same date, to wit, August 15, 1927, the following written agreement was entered into between said decedent and his son C. E. Smith:

''This agreement made and entered into this 15th day of August A.D. 1927, by and between J. T. Smith of Guthrie County, Iowa, and C. E. Smith of Guthrie County, Iowa, witnesseth:

''That whereas the said J. T. Smith is getting old and needs some person to care for and look after him and provide him a home during his lifetime, and his son C. E. Smith has agreed for and consideration of caring for the said J. T. Smith his father to provide him a home and to care for him the said J. T. Smith during the remainder of his lifetime it is agreed by and between the parties hereto that the said C. E. Smith is to provide a home and care and support of the said J. T. Smith during the term of his natural life and to nurse and care for him in health and sickness and the said J. T. Smith is to make his will leaving to the said C. E. Smith and his C. E. Smith's three children all of his property, both personal and real, in consideration as above stated and the said J. T. Smith has this day made a will in conformity with the foregoing contract.

''Dated this 15th day of August A.D. 1927.
''J. T. Smith,
''C. E. Smith.''

The aforesaid written instrument, purporting to be his last will and testament, was admitted to probate, and this action was brought by the children of J. T. Smith other than C. E. Smith, or at least a portion of them, to set aside the probate of said instrument.

It is alleged in plaintiffs' petition that said decedent was of unsound mind at the time of the execution of said instrument, and that he was unduly influenced to execute the same by his son C. E. Smith. The defendants, in their answer, deny the allegations of unsoundness of mind and undue influence. Upon these issues, the case was tried to the court and a jury,

and at the close of plaintiffs' evidence, the court sustained a motion made by the defendants for a directed verdict in their behalf. The plaintiffs appeal.

A nonexpert witness was told to base his opinion upon the things which he had testified to, and then to state whether or not, in the latter part of July, 1927, Mr. Smith (the testator) was of sound or unsound mind. To this the  defendants objected, "as calling for an opinion and conclusion of the witness, the witness not detailing sufficient facts to allow a nonexpert witness to express an opinion." This objection was sustained, and an exception taken. We find no error at this point, as the facts testified to by the witness were not sufficient to indicate unsoundness of mind. What is necessary to be shown in order to lay the foundation for nonexpert opinion as to unsoundness of mind has been so frequently discussed by this court that it seems unnecessary to review our former decisions. The rule is that there must be something seen or observed and related by the witness which shows an abnormal state of mind. The duty devolves upon the court to determine whether such facts have been disclosed by the testimony of the witness as to entitle the witness to express an opinion as to unsoundness of mind. What facts would be a sufficient foundation to warrant the giving of an opinion as to unsoundness of mind by a nonexpert witness must depend upon the circumstances of each case, and must be left for the trial court to determine, in the exercise of a sound legal discretion; and the ruling of the court in this respect should not be disturbed, unless it clearly appears that it has not properly exercised the discretion with which it is vested. See *Denning v. Butcher*, 91 Iowa 425; *In re Estate of Workman*, 174 Iowa 222.

It is not shown in the instant case that the trial court did not properly exercise his discretion in this respect. Neither is it shown by the record what the answer to the question propounded to the witness would have been, and  it is the repeated pronouncement of this court that, in such situation, no prejudicial error appears. See *Morrow v. Downing*, 210 Iowa 1195; *In re Estate of Johnson*, 210 Iowa 891; *Reynolds & Heitsman v. Henry*, 193 Iowa 164; *Vorpahl v. Southern Sur.*

*Co.,* 208 Iowa 348; *Anderson v. Fort Dodge, D. M. & S. R. Co.,* 208 Iowa 369.

The remaining grounds of error relied upon by the appellants for a reversal are rulings of the court on the introduction of evidence, in sustaining motions of the defendants to strike  certain portions of the testimony, and in sustaining the motion of the defendants for a directed verdict. It is not shown by the abstract that any exceptions were taken or preserved to the rulings now complained of. The appellees refer to this matter in their argument. The abstract of an appellant is deemed to be true and correct. See *Shull, Gill, Sammis & Stilwill v. McCrum,* 179 Iowa 1232. Moreover, the attorneys for the appellant certify that the abstract is full and complete, "with the rulings of the court and all exceptions given."

"An exception is an objection, taken to a decision of the court, * * * on a matter of law." Section 11536, Code, 1927.

It must be remembered that this is an action at law, and reviewable only upon exceptions taken in the trial court. It is the universal rule that this court will not review, upon appeal, a ruling by the lower court to which no exceptions were taken and preserved. See *Gould v. Morrow,* 153 Iowa 461; *Holton v. Butler,* 22 Iowa 557; *Redding v. Page,* 52 Iowa 406; *Des Moines M. & M. Co. v. Seevers,* 201 Iowa 642. Also, see Book of Anno., Vol. 1, Sec. 11536, Anno. 2 *et seq.* There was no motion for a new trial. The abstract does not show a final judgment. In the absence of a motion by appellee, as provided for in Section 12885, Code, 1927, the appeal must be considered as an appeal from a final judgment (see *In re Estate of Kahl,* 210 Iowa 903); but only rulings and decisions of the trial court to which exceptions were taken, as shown by the abstract, are reviewable on the appeal.

For the foregoing reasons, the cause must be, and the same is hereby, affirmed.—*Affirmed.*

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.