## M. E. RAMSEY v. NASH FURNITURE COMPANY.

(Filed 22 January, 1936.)

**1. Pleadings D e—**

A demurrer admits the truth of all material facts properly alleged, and the demurrer cannot be sustained if the complaint, liberally construed, or any portion of it, presents facts sufficient to constitute a cause of action. C. S., 535.

**2. Negligence D a—Ordinarily, contributory negligence cannot be taken advantage of by demurrer.**

Contributory negligence must be pleaded in the answer and proved on the trial, the burden on the issue being upon defendant, C. S., 523, and a demurrer to the complaint on the ground of contributory negligence will not be sustained unless upon the face of the complaint itself contributory negligence is patent and unquestionable. The distinction between motion to nonsuit under C. S., 567, and a demurrer to the complaint is pointed out.

**3. Negligence A c—Complaint alleging injuries sustained by invitee in fall down elevator shaft held sufficient as against demurrer.**

In this action to recover damages sustained by plaintiff when he entered defendant's store as an invitee and fell down an elevator shaft at the rear entrance of the building, the complaint *is held* sufficient to state a cause of action against defendant, and not to show upon its face patent and unquestionable contributory negligence, and defendant's demurrer thereto should have been overruled.

APPEAL by plaintiff from *Clement, J.,* at August Term, 1935, of IREDELL. Reversed.

Plaintiff stated his cause of action as follows:

"2. That the defendant operates a general furniture business in the store building or buildings located at 125 West Broad Street in Statesville, Iredell County; that said building or buildings face at the rear thereof upon an alleyway which is generally used by the public both as pedestrians and in automobiles; and that there is a loading platform and entrance way into the store building or buildings fronting on said alleyway.

"3. That for some years prior to 6 September, 1934, there was situated immediately to the right and well inside of the rear entrance doors a shaft in which was located an elevator which the plaintiff is informed and believes was used to convey passengers as well as goods and merchandise to and from the various floors and departments of said store, which shaft was protected by a sliding door or gate; that at some time prior to 6 September, 1934, the rear of said building or buildings was altered so that the rear entrance doors were moved eastward a distance of approximately ten feet, thereby placing them directly in front of the said elevator shaft; that the entrance to said elevator shaft was changed so that it opened directly into and in front of said rear entrance doors, whereas formerly said entrance had been on the left or westward side of said shaft; that said sliding gate or door protecting the entrance to said shaft was removed and replaced by two lattice doors, which opened outward from said shaft and towards the rear entrance doors, and were secured or fastened to said shaft in the center of the entrance by means of two latches to which were fastened chains which hung down on the outside

directly in front of the rear entrance doors of said building or buildings; that on the opposite side of said shaft there were other lattice doors opening into the interior of said building or buildings from the shaft, so that there was a clear view afforded from the rear entrance doors through said shaft into the interior of said building or buildings; that when said rear entrance doors were opened they barely cleared the shaft and thereby obscured and obstructed any entrance way into the interior of said building or buildings other than through the said shaft.

"4. That on 6 September, 1934, the plaintiff did not know or have cause to know of the said alterations and changes in said building or buildings as set forth in the next preceding paragraph.

"5. That for a number of years prior to 6 September, 1934, it was, and at the date of filing of this complaint still is, the custom and usage of customers and other persons having business with the defendant, its officers and employees to approach said building or buildings from the rear by said alleyway and to use the rear entrance doors in entering said building or buildings, and to use the same means in departing therefrom, which custom and usage was and is well known to the defendant.

"6. That on or about 6 September, 1934, at about the hour of 4 o'clock in the afternoon, the plaintiff, having business in the store of the defendant, approached the rear of said building or buildings by said alleyway, stepped upon the loading platform and approached the rear entrance doors, which at that time were open, and as hereinbefore alleged, obstructed and obscured the way of entrance into the interior of said building or buildings other than through said shaft.

"7. That at the time the plaintiff reached the lattice doors at the entrance of the shaft the elevator had been raised to the second floor, thereby causing said shaft to be dark; that the plaintiff saw no way to enter the interior of said building or buildings except through and by means of said lattice doors; that he saw the chains hanging from the latches on said doors, pulled the one on the right-hand door and opened said door; that he took one step forward and fell a distance of 6 to 6½ feet into said shaft, landing on the concrete floor at the bottom thereof.

"8. That the defendant knew, or by the exercise of due care should have known, that said rear entrance doors were commonly used by the public in entering its place of business, and that the conditions and circumstances surrounding said shaft and its location constituted a dangerous place and a hazard to persons entering its place of business by said rear entrance doors, but in spite of such knowledge carelessly and negligently omitted and failed to provide adequate safeguards and means of warning and protection from such danger and hazard to persons who thus entered said place of business, but in fact invited such persons to

seek to enter the interior thereof through said lattice doors at said entrance by reason of the view of the interior thereof through said doors and the said chains hanging on the outside of said doors of the shaft.

"9. That the negligence of the defendant, as set forth in the next preceding paragraph, was the sole, direct, and proximate cause of the plaintiff falling into said shaft, by reason of which fall the plaintiff sustained injuries of a serious and permanent nature."

Defendant filed answer denying the allegations of negligence, and for a further answer and defense set up plea of contributory negligence.

At the trial defendant demurred *ore tenus,* and the demurrer was sustained on the ground, as stated in the judgment, "that the complaint alleges negligence on the part of the plaintiff which is a bar of his right to recover."

From the judgment sustaining the demurrer the plaintiff appealed.

*A. C. McIntosh, A. B. Raymer, and J. Laurence Jones for plaintiff.*
*J. L. Delaney and Buren Jurney for defendant.*

DEVIN, J. The defendant entered a demurrer *ore tenus* to the complaint on the ground that it did not state facts sufficient to constitute a cause of action for that it affirmatively alleged contributory negligence on the part of the plaintiff.

On a demurrer the statute (C. S., 535) requires that we construe the complaint liberally with a view to substantial justice between the parties. The demurrer admits the truth of all the material facts alleged, and every intendment is adopted in behalf of the pleader. A complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent it presents facts sufficient to constitute a cause of action, the pleading will stand. It must be fatally defective before it will be rejected as insufficient. *S. v. Trust Co.,* 192 N. C., 246; *Lee v. Produce Co.,* 197 N. C., 714.

At the outset in the case at bar the appellant raises the question whether a demurrer to the complaint on the ground of contributory negligence will lie.

To remove the uncertainty formerly appearing in the decisions of the Court as to whether the burden of proof should be imposed on the plaintiff to negative contributory negligence or on the defendant to allege and prove it, the following statute was enacted (Acts 1887, ch. 33, now C. S., 523) : "In all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and proved on the trial."

RAMSEY *v.* FURNITURE CO.

Consequently, it would seem that in order that the defendant may avail himself of the plea of contributory negligence he must set it up in his answer. Failure to so plead it would constitute a waiver. And when so pleaded it must be proven by the defendant by the greater weight of the evidence.

In *Kearney v. R. R.,* 177 N. C., 251, this Court sustained the refusal of the trial judge to grant a prayer for instruction as to the negligence of plaintiff's employee, on the ground that there was no averment in the answer to support such a plea, which would be an allegation of contributory negligence, and that the statute specifically required that such plea should have been set up in the answer.

And in *Hardy v. Lumber Co.,* 160 N. C., 113, it was held (p. 123) that if defendant wished to rely upon plaintiff's negligence, its defense should have been based on proper averment in the answer.

In *Hood v. Mitchell,* 204 N. C., 130, the judgment of the court below overruling a demurrer on the ground of contributory negligence was affirmed. In that case, *Mr. Justice Connor* used this language: "It is rarely the case that the court can hold as a matter of law, upon the allegations of the complaint, or upon evidence offered by the plaintiff, that plaintiff, who has been injured by the negligence of the defendant, cannot recover damages resulting from such injuries, because by his own negligence he contributed to his injuries."

The only case that has been called to our attention in which a demurrer on the ground of contributory negligence has been sustained is *Burgin v. R. R.,* 115 N. C., 673, where the plaintiff alleged in his complaint that he jumped from a running train and was injured.

A demurrer on the ground of contributory negligence was overruled in *Parks v. Tanning Co.,* 175 N. C., 29, but *Brown, J.,* speaking for the Court, cites the *Burgin case, supra,* as authority for the statement that where the contributory negligence of a plaintiff is patent upon the face of his complaint, it may be taken advantage of by demurrer.

So that it must be held that only where on the face of the complaint itself the contributory negligence of the plaintiff is patent and unquestionable, so as to bar his recovery, will the court allow advantage to be taken thereof by demurrer instead of by answer, as required by the statute.

Upon consideration of the complaint in the case at bar, we think the demurrer cannot be sustained on the ground stated by the court below.

Nor can demurrer be sustained for failure to allege facts sufficient to constitute a cause of action for negligence on the part of the defendant.

Plaintiff alleges he was injured while attempting to enter defendant's store on business. Considering the complaint in the most favorable light for the pleader, as we are required to do, we think he sufficiently alleges

a negligent failure of duty on the part of the defendant to an invitee, proximately causing his injury. *Hood v. Mitchell,* 204 N. C., 130.

It is, of course, well understood that where the plea of contributory negligence has been set up in the answer, notwithstanding the burden of proof to establish it is upon the defendant, motion to nonsuit under C. S., 567, may be allowed when contributory negligence of the plaintiff is established by his own evidence. *Elder v. R. R.,* 194 N. C., 617; *Davis v. Jeffreys,* 197 N. C., 712.

For the reasons stated, the judgment of the court below sustaining the demurrer must be

Reversed.