ED MITCHELL, Appellee, v. AUTOMOBILE UNDERWRITERS, Attorney in fact for State Automobile Insurance Association, Appellant.

No. 44380.

OCTOBER 25, 1938.

REHEARING DENIED FEBRUARY 10, 1939.

McMartin, Herrick, Sloan & Langdon, for appellee.

Gibson, Stewart & Garrett, for appellant.

MILLER, J.—Appellant herein, a corporation, is attorney in fact for the subscribers at the State Automobile Insurance Association of Des Moines, an association consisting of individuals, firms, corporations and associations, that have entered into an agreement which vests in the said Automobile Underwriters the power to underwrite reciprocal insurance contracts with each other in conformity with the provisions of chapter 408 of the Code of Iowa, §9083 et seq.

On the 10th of June, 1935, this association, through its attorney in fact, the Automobile Underwriters, issued an insurance policy to said Automobile Underwriters as the named as-

sured; in which the liability coverage included loss to the assured from the liability imposed by law upon the assured on account of bodily injuries suffered, or alleged to have been suffered, by any person or persons as the result of an accident due to the ownership, maintenance or use of a certain automobile described in said policy. Said policy likewise provided that the insurance thereunder was available, in the same manner and under the same conditions, to any person or organization while legally using said automobile, provided that such use was with the permission of the named assured. Said policy further provided that "should an execution on a final judgment against the assured in an action covered by this policy be returned unsatisfied, the judgment creditor shall within one year after a final judgment is rendered against the assured have a right of action against the Association to the same extent that the assured would have had had such assured paid such final judgment."

The automobile described in said policy was owned by the named assured, the Automobile Underwriters, and on December 15, 1935, while being operated by one Hodge Jones, Jr., was involved in a collision with an automobile driven by plaintiff-appellee herein, Ed Mitchell, resulting in personal injuries to appellee. Following said collision appellee herein instituted an action against said Hodge Jones, Jr. in the district court of Polk County, resulting in a judgment in favor of appellee and against Hodge Jones, Jr. Following the rendition of said judgment, execution was issued thereon and a return made showing said execution returned unsatisfied.

Appellee then instituted the instant action to recover from appellant the amount of said unsatisfied judgment, together with interest and costs; his petition containing an allegation that at the time of the collision on December 15, 1935, the said Hodge Jones, Jr. was operating said automobile with the permission of the named assured, Automobile Underwriters, resulting in said Hodge Jones, Jr. being an additional assured under and by virtue of the terms of said policy.

The facts relating to the execution of the policy, its being in force at the time of the collision, the ownership of the automobile by the Automobile Underwriters, the operation thereof by Hodge Jones, Jr., the rendition of the judgment and the issuance of an execution and return thereon unsatisfied, were

all established without dispute; resulting in the only controverted fact being whether or not the automobile in question was at the time of the collision operated by Hodge Jones, Jr. with the permission of the named assured, Automobile Underwriters. The only testimony offered by appellee to substantiate his claim that said automobile was being operated with the consent of the Automobile Underwriters, in addition to its ownership thereof, consisted of a counterclaim in the former action between appellee and Hodge Jones, Jr., (which counterclaim will be hereinafter referred to.)

I. A motion to direct verdict in its favor was interposed by appellant at the close of appellee's case, and again interposed at the close of all the testimony. Appellant now contends that the trial court erred in failing to sustain said motion for the reason that there was a failure of proof that Hodge Jones, Jr. was at the time of the collision using the automobile with the permission of the named assured, resulting in a failure of proof that said Hodge Jones, Jr. was an additional assured within the meaning of the policy. It being appellant's contention that the evidence disclosed without dispute, that Hodge Jones, Jr. was at the time of the collision using the automobile without the permission of the named assured. In view of the policy provision that the insurance shall be available to any person or organization while legally using the automobile therein described, provided such use was with the permission of the named assured, the determination of whether or not said Hodge Jones, Jr. was an additional assured, depends entirely upon whether or not his operation of the automobile was with the permission of appellant. As the result thereof, the determination of the correctness of the court's rulings in overruling said motion depends entirely upon whether the evidence was sufficient to warrant the court in submitting to the jury the question of whether or not the use by Hodge Jones, Jr. was with the permission of the Automobile Underwriters.

In view of the admitted ownership of the automobile by appellant, we are at the outset confronted with the settled rule that such ownership merely makes out, prima facie, that the automobile was being operated with the consent of appellant; and that to avoid such a finding, that there must be some showing to the contrary. Hunter v. Irwin, 220 Iowa 693, 263 N. W. 34; Curry v. Bickley, 196 Iowa 827, 195 N. W. 617; Robinson

v. Shell Petroleum Corp., 217 Iowa 1252, 251 N. W. 613. As is stated in Hunter v. Irwin, supra, "this rule of itself is of no greater weight than is required to compel the owner to identify those operating the vehicle and explain by what authority, if not his own, it was being driven." [698] and that, "the inference involved in the rule is recognized as a weak one, but sufficient to accomplish the purposes of revealment above mentioned." As stated in Curry v. Bickley, supra, this inference "does not require that every case shall go to the jury, where the undisputed and uncontroverted evidence establishes the facts so conclusively that the inference is overcome." [832] In the case of Heavilin v. Wendell, 214 Iowa 844, 241 N. W. 654, 83 A. L. R. 872, this court held that the inference involved from said rule may be negatived by proof that there was no consent given to drive the car and that the evidence therein conclusively overcame the inference founded on ownership.

Without detailing the evidence given by appellant, it may be conceded that the entire evidence, if it were not for the counterclaim, to be hereinafter referred to, would bring this action squarely within the rule of the following cases: Hunter v. Irwin, supra; Robinson v. Shell Petroleum Corp., supra; Heavilin v. Wendell, supra; Curry v. Bickley, supra, and require a finding that the evidence established conclusively that the automobile was not operated with the permission of the named assured, Automobile Underwriters. However, in the action brought by appellee against Hodge Jones, Jr. appellant herein was originally made a party-defendant. In that action appellant, in addition to filing an answer denying any liability, filed a counterclaim against the plaintiff, therein alleging that the collision on December 15, 1935, was occasioned by the negligence of plaintiff, and asking judgment against plaintiff for damages to its automobile. In said counterclaim is found the following paragraph:

"That the defendant, Automobile Underwriters, and the driver of defendant's car, were free from negligence and in no way contributed to the collision and resulting damage."

Prior to the trial of said action appellee herein dismissed as to the Automobile Underwriters without prejudice, and likewise the Automobile Underwriters dismissed its counterclaim without prejudice. However, in the instant action the appellee

introduced in evidence, as a part of his case to establish consent, the above mentioned counterclaim; and it is his claim that the admission contained in said counterclaim constitutes sufficient additional evidence to warrant the submission of the question of permission by appellant to the jury.

In the case of Hamilton v. Sprague, 202 Iowa 47, 209 N. W. 446, this court was confronted with a contention very similar to the one in the instant case. Therein plaintiff's horses were struck by an automobile operated by defendant's employee, and the sole question involved was whether there was sufficient evidence to support a finding that the defendant was responsible for his employee's negligence. Therein, similar to the instant case, a withdrawn counterclaim was introduced in evidence by the plaintiff, and in that opinion this court stated that if it were not for the counterclaim so introduced, that the remaining evidence would require a holding that the use of defendant's car by the employee was entirely outside the scope of his employment and wholly contrary to any consent or permission given by defendant for him to use the car. The counterclaim introduced in evidence in that action contained the following clause:

"That the agent and servant of the defendant was operating said automobile in a careful and cautious manner, and was free from negligence."

This court, following comments to the effect that the allegations of the counterclaim might well have been construed as an admission on the part of the defendant, not only that the driver was in his employ generally, but that he was at the time in question acting within the scope of his employment, uses the following language in construing said quoted portion to be an admission:

"Another consideration strongly confirms the conclusion that the allegations of the counterclaim might properly be considered as more than a mere admission that Parland was in the employ of appellant. It alleges, as an element of the claimed right to recover against the plaintiff, that the agent and servant of the appellant who was driving the car was free from negligence. Such an allegation was necessary only if the relation between the appellant and the driver was such that the negligence of the driver would be imputed to the appellant. If the

driver, at the time of the collision, although in the general employ of appellant, was not acting within the scope of his employment, his negligence could not be imputed to appellant. Faust v. Philadelphia & R. R. Co., 191 Pa. St. 420 (43 Atl. 329); Kearney v. Seaboard A. L. R. Co., 177 N. C. 251 (98 S. E. 710); 29 Cyc. 545. But, on the other hand, if he was so acting within the scope of his employment, his negligence would not only be imputed to the appellant, and prevent a recovery by appellant for the injury to which such negligence contributed, but appellant would be liable, under the familiar doctrine of *respondeat superior,* for an injury to another caused by such negligence. The plain and obvious inference from the allegations of the counterclaim is that the relation between appellant and the driver of the car at the time of the collision was such that defendant could only recover if the driver was free from negligence. An admission of such a relation is also an admission of a relation that would make appellant responsible for the injury complained of.''

██ In the instant case the counterclaim alleges that it and the driver of its car were free from negligence and in no way contributed to the collision and resulting damage. This allegation was only necessary to permit recovery upon said counterclaim, if Hodge Jones, Jr. was operating said automobile with its consent. If at said time said Hodge Jones, Jr. was not operating said automobile with the consent of appellant, then his negligence could not be imputed to the appellant, and contributory negligence upon his part could not have prevented a recovery by appellant upon its counterclaim. It seems to us that the reasoning of the Hamilton-Sprague case is identically applicable to the instant case, and that the application of that reasoning hereto must result in the plain and obvious inference from the allegations of the counterclaim that the relation between appellant and Hodge Jones, Jr. at the time of the collision, was such that appellant could only recover upon the counterclaim if Hodge Jones, Jr. was free from negligence. As is stated in the Hamilton-Sprague opinion, an admission of such a relation is also an admission of a relation that would make appellant responsible for the injury complained of. The admission of a relation that would make appellant responsible for the injury complained of must therefore be construed as an admission that

appellant consented to the use of its automobile by the driver thereof, Hodge Jones, Jr. The application of the law from the cited case necessitates a finding that the quoted clause from the counterclaim constituted an admission by appellant that it consented to the use of its automobile by Hodge Jones, Jr.; and that therefore it was proper to submit to the jury the question of whether or not Hodge Jones, Jr. was operating said automobile with the permission of the named assured, appellant herein.

II. Appellant contends that the admission of said counterclaim in evidence was erroneous, for reasons which may be summarized as follows:

1. That the same has no probative weight or value, is not an admission of facts, and is contrary to the undisputed facts;

2. That the same is not an admission claimed to have been made by the party to be charged, but was filed in another and separate action by a stranger to this action;

3. That the same was not signed or authorized by the appellant in this action.

The first contention above is disposed of in the preceding portion hereof. The second contention, that the same is not an admission claimed to have been made by the party to be charged, but was filed in another and separate action by a stranger to this action, is in our opinion without merit. Appellant, as a basis for this contention claims that the Automobile Underwriters is a separate and distinct entity from the State Automobile Insurance Association, that the State Automobile Insurance Association is the real party defendant herein, and that therefore an admission made by the distinct entity, the Automobile Underwriters, in another action, is not admissible as to the true defendant herein, the State Automobile Insurance Association. The policy in question is signed by the appellant, the Automobile Underwriters as attorney in fact. The very provisions thereof provide that suit upon said policy can only be brought against the Automobile Underwriters. The State Automobile Insurance Association is clearly not a legal entity, but as is revealed by the record and the provisions of chapter 408 of the Code, consists of individuals, firms, corporations and associations, designated as subscribers, who are authorized to exchange reciprocal or interinsurance contracts with each other,

resulting in each and every policy holder being a subscriber. The Automobile Underwriters, a corporation, the designated attorney in fact, operates and conducts the entire insurance business thereof. The only legal entity against which an action of any kind can be instituted is the Automobile Underwriters. In view of that situation, we are satisfied that the State Automobile Insurance Association, not being a legal entity, could not admit or deny anything. That as all its business must be transacted by the only existing legal entity, the Automobile Underwriters, and as Automobile Underwriters is the only party against whom judgment could possibly be rendered, it necessarily follows that Automobile Underwriters is the real party-defendant herein. Therefore, being the real party in interest, its admissions, whether made in the instant lawsuit or in some other action, are clearly admissible.

■ The third contention of appellant, that the pleading was not signed or authorized by the appellant, is likewise without merit. The record reveals that attorneys were employed by the Automobile Underwriters in the original action instituted by the appellee herein, were instructed to defend in said action, and likewise instructed to make an effort to collect the damages sustained by appellant's automobile in any manner they could. The counterclaim, while not signed by appellant, is signed by the attorneys employed by appellant to represent it in said action, who were specifically instructed to collect the damages sustained by appellant's automobile in any manner they could. In view of that situation, we are satisfied that appellant is bound by the action of its attorneys in filing said counterclaim, and that the allegations therein are the allegations of appellant to the same extent as if appellant itself had signed the pleading.

■ III. Appellant also contends that the court erred in sustaining objections interposed by appellee to certain questions propounded to certain witnesses by appellant. No proffer of testimony was made, and the record is absolutely bare as to what the answers would have been to said questions if the witnesses had been permitted to answer. In conformity with repeated pronouncements from this court, no prejudicial error exists in such situation. Campfield v. Rutt, 211 Iowa 1077, 235 N. W. 59, and cases therein cited.

■ IV. Appellant makes the additional contention that Instruction No. 5 given by the Court to the jury was erroneous,

for the reason that the same placed the burden of proof on appellant to establish that the operation of its automobile by Hodge Jones, Jr. was without its permission. An examination of the record herein reveals that this contention now being interposed by appellant to said Instruction No. 5 was not raised by exceptions to the court's instructions in the lower court. Being precluded from the consideration of any claimed error not raised in the lower court, it follows that this contention of appellant must be disregarded.

In view of the conclusions we have reached upon the questions submitted in this appeal it is unnecessary to pass upon appellee's motions to strike appellant's amendment to abstract, and to strike appellant's amendment to original argument.— Affirmed.

SAGER, C. J., and ANDERSON, KINTZINGER, DONEGAN, and STIGER, JJ., concur.