THE FEDERAL FARM MORTGAGE CORPORATION v. HERBERT S. HOLDING AND WIFE, GENEVA J. HOLDING.

(Filed 22 November, 1939.)

**Pleadings § 15: Mortgages § 36—Where complaint is sufficient to state any cause of action, judgment dismissing action upon demurrer must be reversed.**

Plaintiff instituted this action to recover deficiency judgment upon allegations that after the application of the purchase price at the foreclosure sale to the note secured by the deed of trust there remained a balance

due in a specified sum for which judgment was asked. Defendants set up the defense that the property was purchased at the sale by plaintiff and that, at the time, the property was worth the full amount of the debt (chapter 275, Public Laws of 1933). Plaintiff filed a reply alleging that in the application for the loan defendants waived all right under the said act. Defendant's demurred *ore tenus* to the complaint on the ground that it failed to state a cause of action, and also demurred to the reply, and both demurrers were sustained and judgment was entered dismissing the action. *Held:* The complaint was sufficient to state a cause of action and therefore the judgment dismissing the action must be reversed, and the question of the validity of the waiver agreement, raised by defendant's demurrer to the reply, is not necessary to the determination of the appeal.

APPEAL by plaintiff from *Stevens, J.,* at April Term, 1939, of WAKE. Reversed.

Plaintiff sued for the balance due on a note, secured by deed of trust on land, executed by defendants in March, 1934. Plaintiff alleged that after sale of the land by the trustee under the deed of trust, and after crediting proceeds of sale of $500, there remained a balance due on the note of $669.14, for which judgment was asked. Defendants admitted the execution of the note and deed of trust and the sale of the land, but alleged as defense and set-off that plaintiff had become the purchaser of the land at the sale, and that at the time and place of purchase the land was worth the full amount of the debt secured (ch. 275, Public Laws 1933). Plaintiff filed a reply alleging that defendants, both in the application for the loan and in the deed of trust, had expressly waived all rights under chapter 275, Public Laws 1933, and had agreed to pay the full amount of any deficiency remaining after sale of the land, and that defendants were thereby estopped to claim set-off under the statute. Defendants demurred to the reply, and also demurred *ore tenus* to the complaint, on the ground that the complaint failed to state a cause of action. The demurrer to the complaint was sustained and the action dismissed at the cost of the plaintiff. The court also sustained the demurrer to plaintiff's reply. Plaintiff appealed.

*Bailey & Lassiter for plaintiff.*
*J. G. Mills for defendants.*

DEVIN, J. The court below was in error in holding that the complaint did not state facts sufficient to constitute a cause of action, and the judgment sustaining the demurrer *ore tenus* to the complaint and dismissing the action must be, in that respect, reversed. *Ramsey v. Furniture Co.,* 209 N. C., 165, 183 S. E., 536; *Avery County v. Braswell,* 215 N. C., 270.

This disposition of the appeal renders it unnecessary to consider the question, raised by defendants' demurrer to the reply, as to the validity of the waiver agreement contained in the application for the loan and in the deed of trust executed by defendants. As to that we express no opinion.

Judgment reversed.